# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA LAREYBI,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>The Bank of New York Mellon, FKA The Bank of New York as Trustee for the Certificateholders of the CWALT,Inc. Alternative Trust 2006-0A12 Mortgage Pass-Through Certificates, Series 2006-0A12; Bay View Loan Servicing, LLC; Law Offices of Les Zieve, as Trustee; Doe # 1, and DOES 2 through 10, INCLUSIVE,<br><br>　　　　　　　　　Defendants. | CASE NO. 17cv0003-GPC(WVG)<br><br>**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS**<br><br>[Dkt. No. 5.] |

　　On March 7, 2017, Defendants The Bank of New York Mellon; Bay View Loan Servicing, LLC; and Law Offices of Les Zieve filed a motion to dismiss the complaint. (Dkt. No. 5.) The Court set a briefing schedule requiring Plaintiff to file a response by April 21, 2017. (Dkt. No. 6.) To date, Plaintiff has not filed an opposition.

　　Civil Local Rule 7.1.e.2. requires a party opposing a motion to file an opposition or statement of non-opposition within fourteen calendar days of the noticed hearing. Failure to comply with these rules "may constitute a consent to the granting of a motion." Civ. Local R. 7.1.f.3.c. District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local

rules.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a *pro se* litigant's failure to oppose as consent to granting the motion); United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979).  Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'"  Ghazali, 46 F.3d at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986)).

Here, the Court concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants" weigh in favor of granting the motion to dismiss based on Plaintiff's failure to file an opposition.  See Ghazali, 46 F.3d at 53.  The majority of these factors weigh in favor of dismissal.

Because Plaintiff has failed to comply with Civil Local Rule 7.1.f.3.c, the Court finds good cause to grant Defendants' unopposed motion to dismiss.  The Court's docket reflects that Plaintiff was served with a copy of the motions and the Court's briefing schedule. Accordingly, the Court **GRANTS** Defendants' motion to dismiss as unopposed.  See Civ. Local R. 7.1.f.3.c; see also Ghazali, 46 F.3d at 53.

IT IS HEREBY ORDERED that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**, and the hearing on Defendants' Motion to Dismiss, currently set for May 26, 2017 is **VACATED**.

IT IS HEREBY ORDERED.

DATED: May 17, 2017

HON. GONZALO P. CURIEL
United States District Judge